H. B. McNary v. Commissioner.
H. B. McNary v. Commissioner
Docket No. 25434.
United States Tax Court
1952 Tax Ct. Memo LEXIS 145; 11 T.C.M. (CCH) 692; T.C.M. (RIA) 52288; June 30, 1952
H. B. McNary, pro se. Robert F. O'Malley, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Petitioner protests the disallowance of certain "miscellaneous deductions" aggregating $1,165 and a theft loss of $930. Findings of Fact Petitioner is a consultant civil engineer and is a resident of Sutton, West Virginia. He and his wife filed a joint return for 1946 with the collector for the district of West Virginia. The gross income reported on the return was $780 received from the Board of Education, Sutton, West Virginia, $5,589.69 from the Military Government for Germany, and a capital gain of $1,124.85. Deductions were claimed in the amount of $3,792.55, including miscellaneous deductions of $1,665 and a loss *146 from theft of $930. The miscellaneous deductions included the following items: Dues - Civil & Mining Engineers societies
- AIME - AMC - WVCMA
$ 25
Professional books & magazines
140
Expenses attending professional meetings
350
Personal expenses while away from home
in business - not reimbursed
750
Office help
150
Repairs to car used in business
250
Total
$1,665 In determining the deficiency the respondent disallowed the deduction of both the $1,665 item and the $930 theft loss. On May 1, 1946, petitioner went to Germany as Chief of Coal Mining, Industries Branch, Military Government, where he remained throughout the taxable year 1946. While in Germany and while performing his official duties, petitioner made certain expenditures from his individual funds for the entertainment of officials of other representative governments for which he was not reimbursed. Petitioner made these expenditures in cash and kept no record of them. On one occasion he supervised a 30-day tour of Germany by a number of representatives of the American, British, French and Russian Governments. On other occasions he furnished entertainment for various groups of foreign representatives *147 while visiting the American zone in Germany. Food, drinks and flowers were among the items which petitioner provided for such entertainment. Also on his return petitioner claimed the deduction of a loss of $930 from the theft of the following articles: Lady's caracul fur coat $500
Leica camera
350
Schick electric razor
15
Gold pocket watch
65
Total $930 Petitioner found the above articles missing on returning to the room in which he was billeted in Berlin. It was discovered that entry had been gained to the room through a window during petitioner's absence. The fur coat and the Leica camera had been acquired by petitioner at a so-called "barter" store in exchange for food stuffs and other commodities which had been sent to petitioner by members of his family in the United States. The barter plan store was set up by the authorities to combat the black market and to provide a legitimate means of exchanging American goods for German and other foreign goods. German appraisers at the store had appraised the fur coat and camera at the amounts which petitioner claimed as loss deductions in his return. The watch was an heirloom and the electric razor one that *148 had been given petitioner as a Christmas present. Opinion LEMIRE, Judge: The evidence adduced by the petitioner in this proceeding in support of his claim for the disallowed deductions consists almost entirely of his oral statements. Petitioner kept no record of his expenditures and had no documentary proof of any of them. He was not represented by counsel at the hearing. The deductibility of the items claimed as miscellaneous deductions, the total amount of $1,665, is controlled by section 23(a)(1)(A), Internal Revenue Code, which provides in part as follows: "SEC. 23. DEDUCTIONS FROM GROSS INCOME. "In computing net income there shall be allowed as deductions: "(a) Expenses. - "(1) Trade or Business Expenses. - "(A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *" The deduction of personal, living, or family *149 expenses, other than medical expenses, is expressly prohibited by section 24(a)(1), Internal Revenue Code. The $750 item included under miscellaneous deductions was described in the return as "Personal expenses while away from home in business." Petitioner testified at the hearing that the money was spent in part for travel and in part for food, drinks, flowers and entertainment for his associates. His testimony was in part as follows: "As I have said before, as far as traveling expenses are concerned, $750 does not come within traveling expenses allowed to an employee. As far as the others are concerned - I would like to make a statement there, the $750 is set up as traveling expenses. There was probably a very small increment of that that could be charged directly as traveling expenses. For instance, the drivers of our cars out in the so-called lands, Bavarian, Hessian, and so on, were mostly Germans; unfortunately for them, the Military Government made no provision to feed them while they were in the field. We used to carry in the Army, three-in-one, a dollar a package; we would get them from the commissary to feed those fellows, for a while, until a couple *150 of them froze to death, they would sleep in the back of cars. They eventually changed that. There were small items in the way of actual travel. Other than that, several hundred dollars of that, $750, is directly chargeable to entertainment rather than travel expenses, as we understand it." In the circumstances of this case and in the absence of more definite evidence as to the nature and amount of the expenditures in dispute, we are unable to determine that petitioner's official duties required him to expend $750 of his personal funds over a period of eight months for official travel or for the entertainment of his assoc&ates. Nor can we find that the amount claimed was a business, as distinguished from personal, expense. Among the other items making up the miscellaneous deductions are $350 for expenses of attending professional meetings, $150 for office help, and $250 for repairs for car used in business. These items all relate to the four months' period January 1 to May 1, 1946, when petitioner was living at Sutton, West Virginia. Petitioner testified as to these items as follows: "During the time I was in the United States in 1946, which was up until May, I had the expense, *151 the operating expense of my office and my automobile, which is normal to my business. I believe it was set up at about $250 for the car, $150 office expense, which was a parttime payment for stenographic work; and I believe the item is $350 for traveling expense and the entertainment. I am on a Research Committee and a member of several mining organizations which I visit each year. I do, of course, have a rather sizeable item in traveling throughout the various states in which I conduct my business." We do not know what meetings petitioner attended, where they were held or what relation they may have had to his business or profession as a consultant engineer. There is the same lack of information about the "office help" item of $150. There is no evidence that the use of an automobile was required in petitioner's business or as to just what use was made of it. We do not know whether the automobile was used exclusively for business or was used for both business and pleasure, or the nature of the repairs for which petitioner claimed the deduction. It might be pointed out that in his return petitioner reported no income or loss from his profession or business in 1946. There should *152 at least be some explanation of why the items to which petitioner claims to have expended for the production of income did not produce any income, if such was the case. For lack of evidence respondent's disallowance of these items must be sustained. The evidence is equally unsatisfactory as to the claimed theft loss of $930. The deduction allowable on account of a loss from theft under section 23(e)(3) is the value of the property at the time of the theft, but the amount cannot exceed the adjusted basis thereof. The adjusted basis of the fur coat and the camera would be approximately their cost to petitioner. They had recently been acquired and had suffered no use of consequence. The cost of the articles was not proven, however, and according to the evidence could not be determined. Petitioner estimated that the actual cost was about 10 percent of the amount claimed as a loss. Accepting that as a reasonable estimate, we find that petitioner is entitled to a loss deduction of $50 for the fur coat and $35 for the camera. For lack of evidence as to the proper basis for computing the deductions claimed on account of the loss of the watch and the electric razor, respondent's disallowance *153 of the deductions is sustained. Deduction will be entered under Rule 50.